**Roderick R. SHEHYN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4951.**

District of Columbia Court of Appeals.

Argued June 13, 1969.

Decided Aug. 7, 1969.

---

2. See Williams v. United States, 129 U.S.App.D.C. 332, 337, 394 F.2d 957, 962 (1968).

John H. Treanor, Jr., for appellant.

Harvey S. Price, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., Roger E. Zuckerman and Robert A. Shuker, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted by a jury of assault, D.C.Code § 22–504. After the court charged the jury on assault and self-defense, the instruction set forth in the margin[1] was given and objected to on the ground that it did not correctly state the law on the defense of one's property. The objection was well taken. However, we hold it was harmless error in the context of the case as a whole.[2]

Mr. Blanchard, the complainant, and his wife, who were next door neighbors, of appellant, went upon appellant's parking lot to retrieve their pet cat which had escaped from their house and had hidden in appellant's air shaft. Appellant ordered the Blanchards off his property. After they refused, he went inside his house and got a wooden camera tripod about four feet in length and again ordered them to leave. When they refused to leave until they recovered their cat, appellant pushed Mrs. Blanchard aside and struck Mr. Blanchard with the tripod causing injury to his hand, requiring five stitches, and lacerations to his chest. The testimony is conflicting as to why appellant struck Mr. Blanchard. Appellant testified he went into the house to get the tripod because Mr. Blanchard picked up a brick. Blanchard testified he picked up a brick after appellant came out of his house with the tripod, and then he dropped the brick as appellant was advancing upon him because he did not want to strike appellant, who is an elderly man.

---

1. " * * * To justify a resort to force in defense of property, the danger to the property must be such as to induce one exercising reasonable judgment to interfere to prevent consummation of injury to that property, and if you find from the circumstances in this case that the defendant acted in an honest belief under circumstances that a reasonable person would believe that there would be an injury to his property by virtue of what took place, and he used no more force than was necessary to prevent injury to his property, then he would have a right to do what he says that he did do, and as the complainant says occurred in the injury to himself. On the other hand, if you believe that there was excessive force used than was necessary to prevent injury to his property, then he would be guilty of an assault."

2. Appellant's only other contention, that the trial court improperly questioned him while he was testifying, is without merit.

It is well settled that a person may use as much force as is reasonably necessary to eject a trespasser from his property, and that if he uses more force than is necessary, he is guilty of assault.[3] This is true regardless of any actual or threatened injury to the property by the trespasser, although this would be a factor in determining the reasonableness of the force used. However, in the instant case, Blanchard was not a trespasser. He had a privilege to go peaceably upon appellant's property to retrieve his cat. In Carter v. Thurston, 58 N.H. 104 (1877), where logs went upon a riparian owner's property because of a flood, the court stated:

This right of pursuit and reclamation [of logs] rests upon the same natural right as that which permits the owner of cattle to pursue into an adjoining field and recover his beasts straying from the highway; but in the pursuit and recovery of his cattle or his logs, the owner must do no unnecessary damage, and is responsible for any excess or abuse of his right.

In an assault case where the complainant was injured while recovering his carpenter's plane, the court stated in Stuyvesant v. Wilcox, 92 Mich. 233, 52 N.W. 465, 467 (1892):

But it is a rule well settled that one has such a right in personal property that he may recapture it and take it into his own possession whenever and wherever he may peaceably do so.

This principle was also followed in Pierce v. Finerty, 76 N.H. 38, 76 A. 194, 196 (1910), which involved reclamation of trees upon the land of another:

There is a right of recaption or reclamation of personal property upon another's land without fault of the owner. In such cases, under certain circumstances, the owner of personal property has a right to enter to retake his property, and is not a trespasser if he does so. * * * But the right does not extend to cases where the situation is created by the fault or wrong of such owner. (Citations omitted.)

The applicable rule, which we adopt, is stated in Restatement (Second) of Torts § 198 (1965):

(1) One is privileged to enter land in the possession of another, at a reasonable time and in a reasonable manner, for the purpose of removing a chattel to the immediate possession of which the actor is entitled, and which has come upon the land otherwise than with the actor's consent or by his tortious conduct or contributory negligence.

(2) The actor is subject to liability for any harm done in the exercise of the privilege stated in Subsection (1) to any legally protected interest of the possessor in the land or connected with it, except where the chattel is on the land through the tortious conduct or contributory negligence of the possessor.

See also 1 Harper and James, The Law of Torts § 1.17 (1956); 1 Cooley on Torts § 36 (4th ed. 1932); Prosser, Law of Torts § 22 at 121 (3rd ed. 1964).

In this case there is no evidence in the record which would indicate that the Blanchards acted in an unreasonable manner or at an unreasonable time when they went upon the parking lot to get their cat. The instruction, even though erroneous, was actually beneficial to appellant since he had no right to eject the Blanchards while they were exercising a privilege given to them by law, and appellant was not entitled to any defense of property instruction.

Affirmed.

3. Anderson, Wharton's Criminal Law and Procedure, §§ 353–355 (12th ed. 1957); 6 Am.Jur.2d Assault and Battery §§ 84, 88 (1963); 6 C.J.S. Assault and Battery § 94 (1937).